

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-10-2008

# Nixon v. Norfolk S Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4729

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Nixon v. Norfolk S Corp" (2008). *2008 Decisions*. Paper 374.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/374

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4729
_____

ROBIN NIXON,

Appellant

v.

NORFOLK SOUTHERN CORPORATION;
NORFOLK SOUTHERN RAILWAY COMPANY, INC.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 05-cv-00101)
District Judge: Honorable Maurice B. Cohill, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
October 3, 2008

Before: FISHER, CHAGARES and HARDIMAN, *Circuit Judges*.

(Filed: October 10, 2008)

HARDIMAN, *Circuit Judge*.

Robin Nixon appeals the District Court's grant of summary judgment to Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc. We will affirm.

Because we write for the parties, who are familiar with the case, we very briefly outline the seminal facts.

On April 27, 1997, Nixon's left foot was severed after he grabbed hold of a passing Norfolk Southern railcar while riding his bicycle in Erie, Pennsylvania. Twelve years old at the time, Nixon was cautioned by his father not to go north of West 21st Street because of concerns about traffic and the Norfolk Southern railway, which ran along a right-of-way in the middle of West 19th Street. Nixon's father did not specifically warn him of the dangers of riding his bicycle near the railroad tracks or near a moving train, however.

Nixon claims that Norfolk Southern is liable under § 339 of the Restatement (Second) of Torts, which was adopted as Pennsylvania law in *Bartleson v. Glen Alden Coal Co.*, 64 A.2d 846, 849 (Pa. 1949). Under § 339, a possessor of land is subject to "liability for physical harm to children trespassing thereon caused by an artificial condition upon the land" if five requirements are met. RESTATEMENT (SECOND) OF

TORTS § 339 (1965).  The District Court held that Nixon did not satisfy the third

requirement, which is implicated when "children because of their youth do not discover

the condition or realize the risk involved in intermeddling with it or in coming within the

area made dangerous by it."  *Id.* § 339(c).

In so holding, the District Court indicated that "a moving train is not a subtle or

hidden danger and its potential for causing serious bodily injury or death to anyone in its

path is readily apparent, even to young children."  *Nixon v. Norfolk S. Corp.*, No. 05-101,

2007 WL 4190705, at *5 (W.D. Pa. Nov. 21, 2007) (quoting *McKinney v. Hartz & Restle*

*Realtors, Inc.*, 510 N.E.2d 386, 389 (Ohio 1987)).  "Nothing could be more pregnant with

warning of danger than the noise and appearance of a huge, rumbling string of railroad

cars."  *Id.* at *6 (quoting *Herrara v. S. Pac. Ry. Co.*, 188 Cal. App. 2d 441, 449 (1961)).

In further support of its holding, the District Court reviewed commentary to § 339, noting

that a landowner's duty "does not extend to those conditions the existence of which is

obvious even to children and the risk of which should be realized by them."[1]  *Id.* at *7

(quoting RESTATEMENT (SECOND) OF TORTS § 339 cmt. i).

---

[1]  The District Court also invoked other parts of the commentary to § 339, noting
that the risks posed by a moving train "may reasonably be expected to be fully understood
and appreciated by any child of an age to be allowed at large," RESTATEMENT (SECOND)
OF TORTS § 339 cmt. j (1965), and that a possessor of land is "not require[d] to keep his
land free from conditions which even young children are likely to observe and the full
extent of the risk involved in which they are likely to realize."  *Id.* cmt. m.

3

Nixon argues that the question of "[w]hether [a] child appreciates the risk involved in coming into a dangerous area is generally for the jury," citing the Pennsylvania Supreme Court's decision in *Peterson v. Palley Mfg. Co.*, 61 A.2d 861, 865 (Pa. 1948). Nixon claims that "there was ample evidence of record for a reasonable finder of fact to conclude that [he] did not appreciate the risk involved in coming into the dangerous area created by the moving train." In particular, Nixon highlights his own testimony, in which he claims that he was unaware of the risk involved because nobody had ever told him to stay away from moving trains. As the District Court correctly noted, however: "[w]hether Nixon was ever warned to stay away from moving trains is immaterial because the risk of a moving train is so obvious that, ordinarily, he is deemed to appreciate the risk as a matter of law." *Nixon*, 2007 WL 4190705, at *9.

Nixon also cites the testimony of Norfolk Southern Trainmaster David Morgan, who indicated that "some children" are "as capable as an adult when it comes to understanding the dangers alongside a railway" and that his own children "may be more aware of the dangers than other kids." Once again, the District Court correctly noted that "none of [Morgan's] testimony is pertinent to whether a moving train is a dangerous condition that may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large." *Nixon*, 2007 WL 4190705, at *8 (citing RESTATEMENT (SECOND) OF TORTS § 339 cmt. j).

4

Nixon claims that the District Court's grant of summary judgment is tantamount to an "absolute rule which protects railroads." But Comment j explicitly provides that such a rule is not absolute because § 339 may not apply if there is "some other factor creating a special risk that the child will not avoid the danger, such as the fact that the condition is so hidden as not to be readily visible, or a distracting influence which makes it likely that the child will not discover or appreciate it." On the undisputed facts of this case — which involve a twelve-year-old taking the initiative to grab hold of a moving train — the District Court did not err in concluding that the Comment j exception does not apply.[2]

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[2] Nixon suggests that the fact that the railroad tracks ran alongside West 19th Street "would make children feel safer to be alongside the train." The mere proximity of railroad tracks to a public street does not rise to the level of a "special risk that the child will not avoid the danger" sufficient to trigger the Comment j exception.